**Opinion filed May 8, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00319-CV

_____

## WANT TRANSPORT LLC, Appellant

## V.

## PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellee

**On Appeal from the County Court**
**Callahan County, Texas**
**Trial Court Cause No. 2780**

## M E M O R A N D U M   O P I N I O N

Appellant, Want Transport LLC, filed a notice of appeal from the trial court's default judgment in favor of Appellee, Progressive County Mutual Insurance Company (Progressive), for claims arising from a motor vehicle collision. After this appeal was docketed, Progressive and Want Transport, filed an "Agreed Motion to Vacate and Remand," stating that Want Transport did not receive notice of the lawsuit before the trial court signed its default judgment. Upon review of the motion, we sent a letter to the parties questioning whether the trial court, a constitutional

county court, had subject-matter jurisdiction over the proceedings below based on the amount in controversy. *See* TEX. CONST. art. V, § 15; TEX. GOV'T CODE ANN. § 21.009(1) (West 2023), § 26.042(a) (West Supp. 2025) (civil jurisdiction of constitutional county courts); *see In re Breviloba*, 650 S.W.3d 508, 509 n.1 (Tex. 2022). We requested responses regarding this jurisdictional question and the appropriate remedy for Want Transport's appeal, given that the requested remand would return the case to a trial court without jurisdiction over the subject matter of the lawsuit. Both parties responded that the trial court lacked jurisdiction based on the amount in controversy. We informed the parties by letter that the amount in controversy exceeded the jurisdictional limits of the county court, and that, absent grounds showing that the appeal could continue, the county court's judgment would be vacated, and the case would be dismissed for want of jurisdiction. TEX. R. APP. P. 42.3, 43.2(e).

"As courts of general jurisdiction, district courts are presumed to have subject-matter jurisdiction over a dispute absent a showing to the contrary." *In re CenterPoint Energy Houston Elec., LLC*, 629 S.W.3d 149, 154 (Tex. 2021); *see Tex. Windstorm Ins. Ass'n v. Pruski*, 689 S.W.3d 887, 891 (Tex. 2024) ("[a]bsent a compelling showing to the contrary, we presume that remedies remain intact and that the jurisdiction of a district court—our state's sole court of general jurisdiction—remains undisturbed" (quoting *S.C. v. M.B.*, 650 S.W.3d 428, 436 (Tex. 2022))). In this regard, district courts possess exclusive, appellate, and original jurisdiction over all actions, proceedings, and remedies, except in cases where such jurisdiction is conferred on another court or an administrative body. TEX. CONST. art. V, § 8; GOV'T §§ 24.007, .008. In civil matters, district courts have original jurisdiction in cases in which the amount in controversy exceeds $500, exclusive of interest. GOV'T § 24.007(b). The 42nd District Court has jurisdiction over matters arising from Callahan, Coleman, and Taylor Counties. GOV'T § 24.144(a).

2

Callahan County has a constitutional county court and does not have a county court at law. *See* TEX. CONST. art. V, § 15; *see also* GOV'T §§ 21.009(2), 25.0001–25.2704 (governing statutory county courts). Therefore, in civil cases, the constitutional county court in Callahan County has concurrent jurisdiction with the justice court in which the amount in controversy exceeds $200 but does not exceed $20,000, and with the 42nd District Court in cases in which the amount in controversy exceeds $500 but does not exceed $5,000. GOV'T § 26.042(a), (d).

In its original petition filed in the county court, Progressive sought $34,980.01 in monetary relief. As a result, the 42nd District Court had exclusive, original jurisdiction over Progressive's lawsuit, and the county court lacked jurisdiction over the matter based on the amount in controversy. *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 401 (Tex. 2007) ("The 'matter in controversy' includes all of the damages the plaintiff seeks to recover at the time suit is filed."). Because the county court does not possess subject-matter jurisdiction over Progressive's lawsuit, we vacate its judgment and dismiss the case. *See* TEX. R. APP. P. 43.2(e); *In re Est. of Rushing*, 644 S.W.3d 383, 390 (Tex. App.—Tyler 2022, pet. denied); *Owens v. Allstate Ins. Co.*, 996 S.W.2d 207, 209 (Tex. App.—Dallas 1998, pet. denied).

Accordingly, we vacate the trial court's judgment and dismiss the case. TEX. R. APP. P. 43.2(e).

JOHN M. BAILEY
CHIEF JUSTICE

May 8, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.